# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN L. BLANTON,<br><br>        Plaintiff,<br><br>    v.<br><br>PAUL SCHULTZ, et. al.,<br><br>        Defendants.<br>_____/ | CV F   05 329 OWW SMS P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1. )<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK FORM |

     Bryan L. Blanton ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action.  Plaintiff seeks relief pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

1   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
2   support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding,
3   467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
4   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
5   complaint under this standard, the court must accept as true the allegations of the complaint in
6   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
7   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
8   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
9        The Court has examined Plaintiff's Complaint and finds that it fails to conform to Rule 8
10  of the Federal Rules of Civil Procedure.
11           "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
12  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534
13  U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a
14  short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
15  Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the
16  plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court
17  may dismiss a complaint only if it is clear that no relief could be granted under any set of facts
18  that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a
19  plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support
20  the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and
21  unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting
22  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171
23  (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .
24  .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal
25  pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490
26  U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply
27  essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin.,
28  122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

1   1982)).

2          Here, although Plaintiff lists eight Defendants, he provides the Court with at least seven
3   pages constituting a list of complaints. Plaintiff calls this section of the Complaint a "statement
4   of facts," however, he merely lists conclusions and complaints. For example, the section begins
5   with "Breaching of family ties (relationship); interference with personal rights of inmate;
6   interference with property rights and responsibilities; interference with inmate rights to service
7   (religion , family, community, work and performance pay, legal education etc.); . . . " Plaintiff
8   provides no specific factual information regarding what specifically happened, when it happened
9   or who committed the act constituting the alleged violation. Thus, the Court cannot determine if
10  the Complaint states any cognizable claims against any of the named Defendants. As such, the
11  Court finds that Plaintiff's complaint does not contain any claims upon which relief can be
12  granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time
13  to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

14         Plaintiff must demonstrate in the Amended Complaint how the conditions complained of
15  resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.
16  1980). The Amended Complaint must specifically state how each Defendant is involved.

17         Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint
18  be complete in itself without reference to any prior pleading. As a general rule, an Amended
19  Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
20  1967). Once an Amended Complaint is filed, the original Complaint no longer serves any
21  function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each
22  claim and the involvement of each defendant must be sufficiently alleged. The Amended
23  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the
24  appropriate case number, and be an original signed under penalty of perjury.

25         The Court HEREBY ORDERS:
26      1.     The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights
27             complaint form;
28      2.     The Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days

from the date of service of this order, Plaintiff SHALL:

    a.    File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b.    Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   July 26, 2006**              /s/ Sandra M. Snyder
icido3                               UNITED STATES MAGISTRATE JUDGE