# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

BRYAN L. BLANTON,

                    Plaintiff,

          v.

PAUL SCHULTZ, et. al.,

                    Defendants.

_____/

1:05-cv-00329-OWW-SMS (PC)

ORDER DISMISSING FIRST AMENDED
COMPLAINT WITH LEAVE TO AMEND
(Doc. 10 )

ORDER DIRECTING CLERK OF COURT TO
SEND PLAINTIFF BLANK FORM

I.        **SCREENING ORDER**

          Bryan L. Blanton ("Plaintiff") is a federal prisoner proceeding pro se and in forma

pauperis in this civil action.  Plaintiff seeks relief pursuant to Bivens v. Six Unknown Named

Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for

violation of civil rights by federal actors.  Plaintiff filed his original complaint on March 10,

2005 – which merely listed generalized conclusions and claims.  Thus, the Court was without

means to ascertain which standards should be provided for guiding Plaintiff in drafting and filing

his first amended complaint, other than to direct him to include factual allegations upon which

his claims rest.  Plaintiff filed his first amended complaint on August 17, 2006.

          As will be discussed in detail herein below, while Plaintiff's first amended complaint

contains factual allegations, not all of Plaintiff's contentions rise to the level of cognizable

claims.  The Court grants Plaintiff a final opportunity to perfect his claims, via a second amended

complaint, utilizing the standards and requirements provided herein.

1

1  **A.    Screening Requirement**

2      The Court is required to screen complaints brought by prisoners seeking relief against a

3  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

10     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

11 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

12 support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

13 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

14 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

15 complaint under this standard, the court must accept as true the allegations of the complaint in

16 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

17 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

18 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19     **B.    Summary of Plaintiff's Complaint**

20     Plaintiff is a federal prisoner currently in custody at F.C.I. Victorville, California.

21 Plaintiff's allegations occurred at both U.S.P. Atwater and F.C.I. Victorville.  Plaintiff names

22 four defendants: U.S.P. Atwater Warden Paul Schultz; U.S.P. Atwater Assistant Warden Grant;

23 U.S.P. Atwater Captain Moorhead; and F.C.I. Victorville Warden Wrigley.

24     Plaintiff alleges that: he was involved in a fist fight and assessed 30 days in the

25 disciplinary segregated housing unit (SHU) and a loss of 27 days good time credits (he does not

26 allege any wrongdoing regarding that disciplinary action); after serving 30 days in the SHU,

27 Plaintiff was advised by a SHU Lieutenant that he was continuing to be held in the SHU pending

28 transfer to a more suitable institution; five months later (still in the SHU) he was advised by Asst.

Warden Grant that he had not been transferred out of the SHU as he was part of a pilot program

wherein he needed twelve (12) months clear conduct before he would be eligible for a transfer;

Plaintiff had no segregated review hearing(s) even though he was in the SHU more than ninety

(90) days; Plaintiff filed a grievance regarding the pilot program that was granted; in retaliation

for filing the grievance regarding the pilot program, he was transferred to the SHU at F.C.I.

Victorville; he again came under the pilot program at F.C.I. Victorville and required twelve (12)

new months clear conduct in the SHU before he would be eligible for transfer; he filed

grievances at F.C.I. Victorville such that the SHU staff at that facility filed retaliatory false

incident reports and sanctioned Plaintiff with additional time in the SHU; and Lt. Williamson

(not a named defendant) attempted to forge documents regarding segregated review hearings.

Plaintiff seeks monetary damages and transfer to a low custody institution.

The Court notes that what would have been Plaintiff's page number four is missing from

the first amended complaint in the Court's file.  Thus, it appears as though the factual allegations

before the Court at this time may be incomplete.  Further, Plaintiff does not, in any fashion,

indicate his alleged constitutional deprivations.  Rather, he presents his first amended complaint

as a chronological series of events.  Thus, it is difficult at best to decipher which of his rights

under the U.S. Constitution Plaintiff contends were violated.  While the Court will not guess

which claims Plaintiff is pursuing, the standards below are provided based on implications

gleaned from the first amended complaint which might be applicable to Plaintiff's claim(s).

### C.   Pleading Requirements

#### 1.  *Federal Rule of Civil Procedure 8(a)*

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a).  "Such a statement

must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon

which it rests."  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of

facts that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether

a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

As previously stated, the manner in which Plaintiff's first amended complaint is organized does not provide a short and plain statement of his claim(s).  Further, due to the missing page of plaintiff's factual allegations, Plaintiff's first amended complaint is incomplete.  Thus, Plaintiff's first amended complaint subject to dismissal as it does not comply with Rule 8.

Further, in order to adequately state a claim for relief, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  Plaintiff fails to link U.S.P. Atwater Warden Paul Schultz and U.S.P. Atwater Assistant Warden Grant to his alleged deprivations.  Further, Plaintiff alleges that Lt. Williamson forged segregation review hearing documentation while Plaintiff was in the SHU at F.C.I. Victorville.  However, Plaintiff did not name Lt. Williamson as a defendant in this action.

### 2. *Federal Rule of Civil Procedure 18*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners

1   pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

2   frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28

3   U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

4        Plaintiff is advised that if he chooses to file a second amended complaint, and fails to

5   comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that

6   are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the

7   future.

8        **D.**     **Claims for Relief**

9             **1.  *Retaliation***

10       Plaintiff alleges that he was transferred to F.C.I. Victorville in retaliation for exercising

11   his rights under the First Amendment via the protected activity of filing a prisoner grievance

12   (regarding the pilot program at U.S.P. Atwater).

13       Prison inmates do not have a constitutional right to be incarcerated at a particular

14   correctional facility or to be transferred from one facility to another.  Meachum v. Fano, 427 U.S.

15   215, 224-25 (1976).  However, prison officials may not "transfer an inmate to another prison in

16   retaliation for the inmate's exercise of his First Amendment rights . . . ."  Pratt v. Rowland, 65

17   F.3d 802, 806 (9th Cir. 1995).  To establish a prima facie case, plaintiff must allege and show

18   that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions

19   did not serve a legitimate penological purpose.  See Barnett v. Centoni, 31 F.3d 813, 816 (9th

20   Cir. 1994); Pratt, 65 F.3d at 807.  The injury asserted in retaliation cases is the retaliatory

21   conduct's chilling effect on the plaintiff's First Amendment rights.  See Hines v. Gomez, 108

22   F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

23       A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus

24   between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action).

25   McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of

26   Educ. v. Doyle, 429 U.S. 274 (1977).  The prisoner must submit evidence, either direct or

27   circumstantial, to establish a link between the exercise of constitutional rights and the allegedly

28   retaliatory action.  Pratt, 65 F.3d at 806.  Timing of the events surrounding the alleged retaliation

1   may constitute circumstantial evidence of retaliatory intent.  See Pratt 65 F.3d at 808; Soranno's

2   Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

3       Plaintiff may be able to state a cognizable claim for unconstitutional retaliation in as

4   much as he alleges he was transferred from U.S.P. Atwater to F.C.I. Victorville in retaliation for

5   having filed a prisoner grievance regarding the pilot program which was granted.  However, this

6   is not cognizable as Plaintiff fails to link the retaliatory transfer to any named defendant.

7       Plaintiff also alleges that, after being transferred to F.C.I. Victorville, he began filing

8   inmate appeals/grievances.  In retaliation, the staff at F.C.I. Victorville filed false incident reports

9   against him to extend his retention in the SHU.  Plaintiff may be able to state a cognizable

10  retaliation claim, but once again, he fails to link the unconstitutional activities to any named

11  defendant(s).  Thus, Plaintiff has failed to state any cognizable claims for unconstitutional

12  retaliation.

13              **2. *Procedural Due Process***

14              *a. Due Process & Administrative Retention in the SHU*

15      Plaintiff alleges that, after serving his disciplinary time in the SHU, the SHU Lieutenant

16  informed him that he was being retained in the SHU pending transfer to a more suitable

17  institution.

18      The Supreme Court held that the due process clause does not of its own force create a

19  liberty interest in freedom from administrative segregation (i.e. in remaining in the general

20  population).   See  Touissaint v. McCarthy, 801 F,2d 1080, 1091-92 (9th Cir. 1986) and Hewitt v.

21  Helms, 459 U.S. 460 (1983).  Further, "[t]he presence of eighth amendment violations in the

22  segregation units ... does not create a liberty interest."  Touissaint, at 1094.

23      It is plain that the transfer of an inmate to less amenable and more restrictive quarters for

24  non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison

25  sentence.... Accordingly, administrative segregation is the sort of confinement that inmates

26  should reasonably anticipate receiving at some point in their incarceration.  Hewitt, 459 U.S. at

27  468.  A liberty interest does not arise even when administrative segregation imposes "severe

28  hardships," such as denial of access to vocational, educational, recreational, and rehabilitative

1  programs, restrictions on exercise, and confinement to [one's] cell for lengthy periods of time."

2  See id. at 467 n. 4; Clark v. Brewer, 776 F.2d 226, 228-30 (8th Cir.1985) (due process clause

3  itself does not create liberty interest notwithstanding the fact that conditions in "close

4  management" are significantly more harsh than conditions in general population); see also

5  McFarland v. Cassady, 779 F.2d 1426, 1427-28 (9th Cir.1986) (Supreme Court in Hewitt held

6  that due process clause does not give inmate liberty interest in remaining in general population).

7          Thus, Plaintiff's allegation regarding being retained in the SHU pending transfer to a

8  more suitable institution appears administrative, does not implicate a liberty interest, and does

9  not state a cognizable claim.

10                        *b. Due Process & Disciplinary Retention in the SHU*

11         Procedural due process concerns are raised by Plaintiff's allegation(s) regarding his

12  disciplinary retention in the SHU under the "Pilot Program" and subsequent lack of review

13  hearings at both facilities.

14         The threshold inquiry is whether an inmate has a liberty interest in remaining in the

15  general population.  If plaintiffs do not possess a liberty interest, the constitution does not require

16  prison officials to accord plaintiffs any procedural protections when deciding to segregate

17  plaintiffs for administrative reasons. See Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49

18  L.Ed.2d 451 (1976).

19         In Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the United

20  States Supreme Court held that discipline in segregated confinement does not present the type of

21  atypical, significant deprivation in which a State might conceivably create a liberty interest. Id. at

22  486. Consequently, a prisoner is not typically entitled to the procedural safeguards set forth in

23  Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), when the resulting

24  discipline is segregated confinement.  However, a prisoner may be able to show a liberty interest

25  in avoiding disciplinary segregated confinement when the conditions therein are significantly

26  more restrictive than in the general population (i.e. atypical hardship vis a vis ordinary prison

27  life).  In Wilkinson v. Austin, 545 U.S. 209 (2005), the U.S. Supreme Court found an atypical

28  and significant hardship from inmate's placement in a disciplinary segregation unit which

                                                    7

prohibited almost all human contact (even conversation from cell to cell); light, though may be

dimmed, is on for 24 hours; exercise is limited to 1 hour per day in a small indoor room; for

indefinite duration; and accompanied by disqualification of an otherwise eligible inmate for

parole consideration.

    After the prisoner has been placed in segregation, prison officials must periodically

review the initial placement.  See Hewitt v. Helms 459 U.S. 460, 477 (1983) and Touissaint v.

McCarthy, 801 F.2d 1080, 1101 (9th Cir. 1986).  Annual review of the placement is insufficient.

See Touissaint, 801 F.2d at 1101.

    Plaintiff does not appear to contest his initial disciplinary placement in the SHU (at

U.S.P. Atwater).

    The conditions of the SHU at U.S.P Atwater do not appear to rise to the level of an

atypical and significant hardship – he is allowed human contact, mentions nothing about the

conditions within his cell at the SHU, is given outside exercise (albeit only one hour per day),

was not to be held for an indefinite duration (12 months with "clear conduct"), and had no

implication on his status for parole consideration.  Thus, Plaintiff fails to state a cognizable claim

for lack of due process regarding his disciplinary segregation at U.S.P. Atwater.

    Plaintiff does not state any allegations regarding the conditions of confinement within the

SHU at F.C.I. Victorville, and so fails to state a claim that his retention therein infringed upon his

liberty interest so as to rise to the level of an atypical and significant hardship.

    Plaintiff does allege that he did not receive review hearings at either facility even though

he was in the SHU for more than 90 days.  Plaintiff alleges that Captain Moorhead was

responsible for the lack of review hearings at USP Atwater, and that Warden Wrigley was

responsible for the lack of review hearings at FCI Victorville.  Since placement in the SHU must

be reviewed more frequently that once a year, Plaintiff has stated cognizable claims against

Captain Moorhead and Warden Wrigley.

*c. Due Process & False Incident Reports*

    Plaintiff's allegations regarding the false incident reports filed against him by the staff at

F.C.I. Victorville to extend his retention in the SHU are also subject to procedural due process

1   analysis.

2       The Due Process Clause protects prisoners from being deprived of liberty without due

3   process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of

4   action for deprivation of due process, a plaintiff must first establish the existence of a liberty

5   interest for which the protection is sought.

6       When a prisoner faces disciplinary charges, prison officials must provide the prisoner

7   with (1) a written statement at least twenty-four hours before the disciplinary hearing that

8   includes the charges, a description of the evidence against the prisoner, and an explanation for

9   the disciplinary action taken; (2) an opportunity to present documentary evidence and call

10   witnesses, unless calling witnesses would interfere with institutional security; and (3) legal

11   assistance where the charges are complex or the inmate is illiterate.  See Wolff v. McDonnell,

12   418 U.S. 539, 563-70 (9th Cir. 1974); see also Superintendent v. Hill 472 U.S. 445, 454 (1985);

13   Neal v. Shimoda, 131 F.3d 818, 830-31 (9th Cir. 1997); Walker v. Sumner, 14 F.3d 1415, 1419-

14   20 (9th Cir. 1994); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir. 1986).

15       "When prison officials limit a prisoner's right to defend himself they must have a

16   legitimate penological interest."  Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per

17   curiam) (concluding that prisoners do not have a right to have an independent drug test

18   performed at their own expense).  The right to call witnesses may legitimately be limited by "the

19   penological need to provide swift discipline in individual cases . . . [or] by the very real dangers

20   in prison life which may result from violence or intimidation directed at either other inmates or

21   staff."  Ponte v. Real, 471 U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525

22   (9th Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir.

23   1987)(per curiam).

24       "[T]he requirements of due process are satisfied if some evidence supports the decision

25   by the prison disciplinary board . . . ."  Hill, 472 U.S. at 455; see also Touissaint v. McCarthy,

26   926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989);

27   Jancsek, III v. Oregon bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824

28   F.2d 703, 705 (9th Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th

1  Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of

2  liberty interest.)

3       However, the "some evidence" standard does not apply to original rules violation report

4  where a prisoner alleges the report is false.  Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997).

5       Plaintiff may be able to state a cognizable claim regarding the false incident reports filed

6  by the staff at F.C.I. Victorville.  However, once again, he fails to link the offending activities to

7  any named defendants.  Thus, Plaintiff has failed to state a cognizable claim for violation of his

8  constitutional right to due process regarding the false incident reports filed against him at F.C.I.

9  Victorville.

10                    **3.   *Transfer to Low Custody Institution***

11      In his prayer for relief, Plaintiff requests that he be transferred to a low custody

12  institution.  However, Plaintiff is advised that prison inmates do not have a constitutional right to

13  be incarcerated at a particular correctional facility or to be transferred from one facility to

14  another.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

15                         **4.   *Supervisorial Liability***

16      All of the four defendants Plaintiff named in this action are supervisorial personnel.

17  Plaintiff has sued them in their official and individual capacities.

18      Under the doctrine of sovereign immunity, a Bivens action will not lie against the United

19  States, agencies of the United States, or federal agents in their official capacity.  See FDIC v.

20  Meyer, 510 U.S. 471, 486 (1994); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996); Cato v.

21  United States, 70 F.3d 1103, 1110 (9th Cir. 1995).  To the extent that federal officers are sued in

22  their official capacity, such claims are barred by the doctrine of sovereign immunity.  Gilbert v.

23  DaCrossa, 756 F.2d 1455, 1458 (9th Cir.  1985).  Although sovereign immunity does not bar

24  damages actions against federal officials in their individual capacities, an individual may not be

25  held liable in a Bivens action on the theory respondeat superior.  Terrell v. Brewer, 935 F.2d

26  1015, 1017 (9th Cir. 1991)(citations omitted).

27      Plaintiff must allege some facts that would support a claim that supervisory defendants

28  either: personally participated in the alleged deprivation of constitutional rights; knew of the

violations and failed to act to prevent them; or promulgated or "implemented a policy so

deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force

of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal

citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

All of Plaintiff's claims against the four named defendants in their official capacity are

barred.

As discussed herein above, Plaintiff has failed to state any allegations to implicate that

U.S.P. Atwater Warden Paul Schultz and U.S.P. Atwater Assistant Warden Grant personally

participated in the alleged deprivation of constitutional rights; knew of the violations and failed

to act to prevent them; or promulgated or implemented of a policy so deficient that the policy

"itself is a repudiation of constitutional rights" and is "the moving force of the constitutional

violation." Hansen v. Black at 646. Thus, Plaintiff fails to state a cognizable claim against

U.S.P. Atwater Warden Paul Schultz and U.S.P. Atwater Assistant Warden Grant.

## II.   CONCLUSION

For the reasons set forth above, Plaintiff's first amended complaint is dismissed, with

leave to file a second amended complaint within thirty days.  If Plaintiff needs an extension of

time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later

than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have

resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227

(9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

involved.  There can be no liability under section 1983 unless there is some affirmative link or

connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to

relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

        Plaintiff is advised that it is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure.  Further, the Court cannot serve as a repository for the parties' evidence.  Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court).  At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief.  Thus, in amending his complaint, Plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

        Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim, and the involvement of each defendant, must be sufficiently alleged.

        Based on the foregoing, it is HEREBY ORDERED that:

    1.    Plaintiff's first amended complaint is dismissed, with leave to amend;

    2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

    3.    Within **thirty (30) days** from the date of service of this order, Plaintiff must
          either:

          a.    File a second amended complaint curing the deficiencies identified by the

1   court in this order, or

2         b.     Notify the court in writing that he does not wish to file a second amended

3              complaint and wishes to proceed only on the claims identified by the court

4              as viable/cognizable in this order; and

5       4.     If plaintiff fails to comply with this order, this action will be dismissed for failure

6              to state a claim.

7   IT IS SO ORDERED.

8   **Dated:   May 21, 2008**                                    **/s/ Sandra M. Snyder**
                                                         UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28